# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHRISTIAN A. FEGHALI and<br>CAROL S. FEGHALI, Husband and<br>Wife, | ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. N20C-06-165 CLS |
| v. | ) ) | |
| COLLINS WELDING AND<br>FABRICATION, INC., | ) ) ) | |
| Defendant/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| THE PHILADELPHIA<br>CONTRIBUTIONSHIP, | ) ) ) ) | |
| Third-Party Defendant, | ) | |

Date Submitted: July 11, 2022
Date Decided:  October 7, 2022

*Upon Defendant/Third-Party Plaintiff's Motion for Summary Judgment.*
**GRANTED.** *Upon Third-Party Defendant's Motion for Summary Judgment.*
**GRANTED.**
## ORDER

Robert C. McDonald, Esquire, Silverman McDonald & Friedman, Wilmington, Delaware, 19805, Attorney for Plaintiffs, Christian and Carol Feghali.

Eric Scott Thompson, Esquire, Franklin & Prokopik, Newark, Delaware 19711, Attorney for Defendant/Third-Party Plaintiff, Collins Welding and Fabrication, Inc.

Robert J. Cahall, Esquire, McCormick & Priore, P.C., Newark, Delaware, 19713, Attorney for Third-Party Defendant, The Philadelphia Contributionship Insurance Company.

**SCOTT, J.**

1

## INTRODUCTION

Before the Court is Defendant/Third Party Plaintiff Collins Welding and Fabrication, Inc.'s ("Collins") Motion for Summary Judgment ("Motion"). The Court has reviewed Plaintiffs Christian and Carol Feghali ("Mr. and Mrs. Feghali") and Third-Party Defendant Philadelphia Contributionship Insurance Company's ("Insurance Company") responses, as well as the present Motion. For the reasons that follow, the Defendant/Third-Party Plaintiff's Motion for Summary Judgment is **GRANTED.**

## BACKGROUND

This action arising from a claim by Mr. and Mrs. Feghali as a result of Collins's negligence that caused damage to real and personal property of their pole-barn. Mr. and Mrs. Feghali alleged in their complaint that on January 26, 2019, they permitted their acquaintance Dave Dalik ("Mr. Dalik") to use their pole-barn to undertake a vehicle repair. Mr. Dalik engaged the services of Collins to perform welding repairs on the vehicle and the sparks from the welding process caused the pole-barn to ignite. The pole-barn and its contents were destroyed.

As a result of the damage, Mr. and Mrs. Feghali contacted Insurance Company, their own insurance carrier. Insurance Company allegedly made a number of payments in connection with the fire and one of those payment's included a check for $318,382.10 ("Check"), which was issued to Mr. and Mrs. Feghali in January

2020. The Check has not been cashed. Insurance Company asserted a subrogation claim against Collins's insurance carrier, Cincinnati Insurance Company ("Cincinnati"). Cincinnati accepted the claim and agreed to pay Insurance Company $511,410.11, the full value of Insurance Company's estimates of Mr. and Mrs. Feghali's damages as of the time of the agreement. Due to the agreement, a release, dated June 4, 2020, was entered as between Insurance Company and Cincinnati, discharging Cincinnati from all liability for damages from the fire.

Collins moves for summary judgment on the grounds Mr. and Mrs. Feghali have been made whole and have not produced any evidence to the contrary. Collins bolsters his claim with evidence that when Mr. and Mrs. Feghali were asked to produce special damages, they submitted the same list provided to Insurance Company even though they had been compensated for based on market value by Insurance Company.

In response to this Motion, Mr. and Mrs. Feghali contend while they were made whole with regard to the structure damage done to the property, the payment for the contents inside the structure remain in conflict. Mr. and Mrs. Feghali argue the costs of replacement of the destroyed structures was approximately $511,410.11 and that amount did not account for the contents lost in the fire. Mr. and Mrs. Feghali admit they produced to Collins the same inventory that Insurance Company created that they then recreated and that a check from the Insurance Company for the lost

3

inventory was issued to them. However, they assert the draft of the lost inventory due to the fire was not negotiated and not all of the lost contents could be identified based on the condition the items were in after the fire. Therefore, Mr. and Mrs. Feghali argue they have not been made whole because although Insurance Company issued them a check, the amount was significantly less than the value of loss causing the check to be in contention and still not deposited.

In response to this Motion, Insurance Company does not argue for or against the Motion. Rather, Insurance Company takes this opportunity to explain to this Court that there is no direct standing between Insurance Company and Collins because an injured third party may not bring a direct cause of action against a tortfeasor's insured and Mr. and Mrs. Feghali never pled any direct cause of action against them. Insurance Company additionally argues that if this Motion is granted, Insurance Company is necessarily entitled to summary judgment because no liability can be passed from Insurance Company to Collins, a third party.

## STANDARD OF REVIEW

Under Superior Court Rule 56, the Court may grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact

4

and that the moving party is entitled to summary judgment as a matter of law."[1] The moving party bears the initial burden of showing that no material issues of fact are present.[2] Once such a showing is made, the burden shifts to the non-moving party to demonstrate that there are material issues of fact in dispute.[3] In considering a motion for summary judgment, the Court must view the record in a light most favorable to the non-moving party.[4] The Court will not grant summary judgment if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of the law.[5]

## DISCUSSION

The Court finds there is no genuine dispute of material fact at issue here. Mr. and Mrs. Feghali claim they have not been made whole because a large measure of damaged property was so severe that many of the items within the damaged structure could not be identified and claim the items contained in the structure total one million dollars. Unfortunately, Mr. and Mrs. Feghali have not presented anything to this Court regarding the alleged items that were so damaged that they were unidentifiable. Instead, Mr. and Mrs. Feghali presented the same inventory that the

---

[1] Super. Ct. Civ. R. 56(c); *Burkhart v. Davies*, 602 A.2d 56, 59 (Del. 1991).
[2] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979).
[3] *Id.* at 681.
[4] *Burkhart*, 602 A.2d at 59.
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Phillip-Postle v. BJ Prods., Inc.*, 2006 WL 1720073, at *1 (Del. Super. Ct. Apr. 26, 2006).

insurance company gave to them and then they recreated. The main problem with this presentation is that those items are all ones that have been accounted for, they are not those Mr. and Mrs. Feghali claim are so damaged that they are unidentifiable. In addition to those items being accounted for, they were reimbursed, minus depreciation, for the inventory. Mr. and Mrs. Feghali have been holding on to the Check and maintain the amount for the Check is significantly less than the value of loss, so the Check is in contention. Unfortunately, this argument has nothing to do with their claim against Collins. Just because Mr. and Mrs. Feghali did not deposit their insurance proceeds does not go toward Collins's liability for their loss. Rather, the only point it goes towards is their dissatisfaction with Insurance Company's depreciation of their loss.

Any damages that Mr. and Mrs. Feghali claim must be reduced by the amount Insurance Company agreed to pay them. The payment was subsequently subrogated by Insurance Company against Collins insurance carrier, therefore Collins, by and through its insurance company has paid for the identifiable losses. Mr. and Mrs. Feghali may not recover twice for the same injury from the same tortfeasor.[6] Without Mr. and Mrs. Feghali presenting any evidence to their unidentifiable losses, there is

---

[6] *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251, 1277 (Del. 2021) ("The double recovery rule prohibits a plaintiff from recovering trice for the same injury from the same tortfeasor.")

no additional injury and thus Collins is entitled to judgment in its favor as a matter of law. Thus, Collins Motion for Summary Judgment is **GRANTED.**

Additionally, the Court recognizes Collins joined Insurance Company as a third-party defendant in this matter. Seeing that there is no direct claim from Mr. and Mrs. Feghali against Insurance Company and seeing that Collins is not an intended beneficiary of Mr. and Mrs. Feghali's insurance policy[7], Collins does not have third party standing to sue Insurance Company. Therefore, Insurance Company Motion for Summary Judgment to be entered in its favor and that it be dismissed from this action is **GRANTED.**

## CONCLUSION

For the foregoing reasons, Defendant/Third Party Plaintiff's Motion for Summary Judgment is **GRANTED,** and Third-Party Defendant's Motion for Summary Judgment is **GRANTED.** This Matter is **DISMISSED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott
**Judge Calvin L. Scott, Jr.**

---

[7] See *Schmelz v Marton*, 2019 WL 1977079, at *3 (Del. Super. Ct. May 2, 2019).

7